UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 6:26-CR-22-REW

DAVID LEE OUSLEY

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. § 846

From on or about a date in January of 2024, the exact date unknown, through January 15, 2026, in Floyd County, in the Eastern District of Kentucky, and elsewhere,

**DAVID LEE OUSLEY**

did conspire with others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about January 15, 2026, in Floyd County, in the Eastern District of Kentucky,

**DAVID LEE OUSLEY**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 924(c)(1)(A)

On or about January 15, 2026, in Floyd County, in the Eastern District of Kentucky,

### DAVID LEE OUSLEY

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Counts 1 and 2, that is, conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Count 1 and 2 of the Indictment, **DAVID LEE OUSLEY** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841, and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841. Any and all interest that **DAVID LEE OUSLEY** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offense alleged in Count 3 of the

Indictment, **DAVID LEE OUSLEY** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. § 924. Any and all interest that **DAVID LEE OUSLEY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**FIREARMS:**

a. Taurus, G2C .40 caliber handgun, S/N: ADK799758;
b. Heritage Rough Rider, revolver, .22 Caliber, S/N: 1BH235924;
c. INA, revolver, .32 Caliber, S/N: 271354;
d. Ruger, A100, .22 Long Rifle, no visible S/N;
e. H&R Inc, Model 929, .22 caliber, S/N: AM95106;
f. Ruger, P93DC, 9mm, loaded with magazine, S/N: 306-08592;
g. Ruger, Super Black Hawk, 44 Magnum, S/N: 84-29407;
h. ROHM GMBH, .22 LR, S/N: 076496;
i. Derringer, Model D, .38 Special, S/N: 89081;
j. Ruger, Model 10/22, .22 LR, S/N: 239-47505;
k. Remington, Wing Master, 20ga, S/N: 932553X;
l. Remington, 870 Express Super Magnum, 12ga, S/N: C342217A;
m. Ruger, 10/22, 22 Lr, S/N: 826-44078;
n. Remington, Wing Master 870, 16ga, S/N: T178593W;
o. Marlin, .22 cal., S/N: 24450797;
p. Remington, Wing Master 870, 12ga, S/N: V400303V;
q. Rossi, RB17, .17cal, S/N: 7CB026510L;
r. Radical Firearm, model RF15, Multi-Cal, S/N: 24-113594;
s. Anderson, model AM-15, S/N: 18210610;
t. Browning, 12ga, S/N: 349482;
u. JC Higgins, Model 583.2, 16ga, no visible S/N;
v. Escort, 12 ga, No Visible S/N found;
w. Remington, 742, 30/06, S/N: A7040078;
x. Marlin, Model 336, 30-30 caliber, S/N: 20179828;
y. Remington, 870, 12ga, S/N: T004160V;
z. Mossberg, Model 535, S/N: AT023221;
aa. JC Higgins, Model 583.21, No visible S/N;
bb. Norinco, model 386, 7.62/39, S/N: 9331934;
cc. New England Pardner, 20ga, S/N: NR347549;

dd. Harrington Richardson, Model 158, 30-30, S/N: AL217429;
ee. Ruger, Model Charger, .22lr, S/N: 49308343;
ff. Great Western Arms Co., .38 Special, S/N:GW445; and
gg. All associated ammunition and accessories.

**CURRENCY:**
$6,734.00 in United States currency.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

FOREPERSON

*/s/ [signature] for*

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

## COUNT 1:

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

## COUNT 2:

Not less than 5 years nor more than 40 years imprisonment, a fine of not more than $5,000,000, and at least 4 years supervised release.

## COUNT 3:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.