UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO. 6:26-CR-22-REW**

UNITED STATES OF AMERICA                                       PLAINTIFF

V.                                **PLEA AGREEMENT**

DAVID LEE OUSLEY                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts Two and Three of the Indictment. Count Two charges possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count Three charges possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to Rule 11(c)(1)(A), the United States agrees to dismiss Count One at sentencing and will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count Two are:

(a) The Defendant knowingly or intentionally possessed a mixture or substance containing methamphetamine, a Schedule II controlled substance;

(b) The Defendant intended to distribute a mixture or substance containing a

detectable amount of methamphetamine; and

(c) The offense involved 50 grams or more of a mixture or substance containing methamphetamine.

The essential elements of Count Three are:

(a)    The Defendant committed the crime of possession with intent to distribute a mixture or substance containing methamphetamine, a drug trafficking offense which may be prosecuted in a court of the United States;

(b)    The Defendant knowingly possessed a firearm; and

(c)    The possession of a firearm was in furtherance of the drug trafficking offense.

3.    As to Counts Two and Three, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On January 15, 2026, law enforcement executed a search warrant at the Defendant's residence in Floyd County, Kentucky. Approximately 335 grams of a methamphetamine mixture and 10 loaded handguns were seized along with $6,734.00 in US currency. The firearms were located in close proximity to the methamphetamine and could easily have been accessed in furtherance of the Defendant's drug trafficking activity. In a post-*Miranda* interview, the Defendant claimed ownership of the seized methamphetamine and admitted to trafficking in methamphetamine.

4.    The statutory punishment for Count Two is a term of imprisonment of not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Three is a term of imprisonment of 5 years – to be served consecutive to any term of imprisonment imposed for Count Two – a fine of not more than $250,000, and a term of supervised

2

he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9.      If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

4

release of not more than 5 years. A mandatory special assessment of $200 applies, and the

Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United

States and the Defendant recommend the following sentencing guidelines calculations, and

they may object to or argue in favor of other calculations. This recommendation does not

bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.     No agreement exists regarding the Defendant's criminal history category

pursuant to U.S.S.G. Chapter 4.

7.     The Defendant waives the right to appeal the guilty plea and conviction. The

Defendant reserves the right to appeal the sentence. Except for claims of ineffective

assistance of counsel, the Defendant waives the right to collaterally attack the guilty plea,

conviction, and sentence.

8.     The Defendant consents to the forfeiture to the United States, by

administrative or judicial proceedings, of all right, title, and interest in the property listed

in the forfeiture allegation of the Indictment. The Defendant agrees that this property is

subject to forfeiture because a nexus exists between the property and the offense to which

3

10.     This document contains the complete and only Plea Agreement between the United States Attorney's Office for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: _7/2/2026_     By: _____
                          Jason D. Parman

Date: _7-1-2026_         _____
                          David Lee Ousley
                          Defendant

Date: _07/01/26_         _____
                          Thomas Paul Miceli
                          Attorney for Defendant

5