UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CR-00022-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID LEE OUSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 30 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant David Lee Ousley's guilty plea and adjudge him guilty of Counts Two and Three of the Indictment (DE 1). *See* DE 31 (Recommendation); *see also* DE 27 (Plea Agreement). Judge Atkins expressly informed Ousley of his right to object to the recommendation and secure de novo review from the undersigned. *See* DE 31 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Ousley's guilty plea, and **ADJUDGES** Ousley guilty of Counts Two and Three of the Indictment. Given the plea agreement recitation of penalties, the Court expressly notes that Count 3 carries a 5-year minimum and a maximum term of life in prison, and Count 3 requires consecutive time to any other count.

2. Further, per Judge Atkins's recommendation (DE 31 at 2), Defendant's plea agreement (DE 27 ¶ 8), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Indictment's Forfeiture Allegations, DE 1 at 1-2 (firearms ammunition and accessories, and $6,734.00 in U.S. currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 29th day of July, 2026.



Signed By:
_Robert E. Wier_
**United States District Judge**

---

[1] At the hearing, Judge Atkins remanded Ousley to custody. *See* DE 30. This was his status pretrial. *See* DE 10. Absent an intervening order, Ousley will remain in custody pending sentencing.