UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON
CRIMINAL ACTION NO. 6:26-CR-022-REW-01

UNITED STATES OF AMERICA, PLAINTIFF

VS.

DAVID LEE OUSLEY DEFENDANT

---

SENTENCING MEMORANDUM

---

Comes now the defendant, David Lee Ousley, by and through counsel and hereby submits to the court the following Sentencing Memorandum:

The presentence report explains the nature and circumstances of the offense, sets forth the kinds of sentences available, etc... This memorandum will focus primarily on the history and characteristics of the defendant, as well as the nature and circumstances of the offense, pursuant to 18 U.S.C. 3553(1).

On July 23, 2026, the defendant, David Lee Ousley, entered a plea of guilty to Counts Two and Three of the Indictment, which charges the defendant with a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of a mixture or substance containing Methamphetamine, a Schedule II controlled substance, and with a

violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offence.

According to the guideline calculations contained in Mr. Ousley's Pre-Sentence Investigation Report (PIR), the base offense level is thirty-six (36). There are no upward adjustments. Mr. Ousley clearly demonstrated his acceptance of responsibility in a timely manner, thus, pursuant to U.S.S.G. §3E1.1(a) the offense is reduced three (3) levels, making the total offense level thirty-three (33).

David has a total of four criminal history points and he is in a criminal history category of III (three), albeit a low III, which places him in a guideline range for imprisonment as to Count 2 at one hundred sixty-eight (168) months to two hundred ten (210) months, plus sixty (60) months consecutive as to Count 3. Mr. Ousley hereby submits the following factors for the Court's consideration in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with statutory directives set forth in 18 U.S.C. §3553 (a).

The defendant feels that the Court can comfortably consider a below guidelines sentence of 120 months as deviation from the guideline term of imprisonment after taking into consideration the nature and circumstances of the offense, the history and characteristics of the defendant pursuant to 18 U.S.C. 3553(a)(1) and providing the defendant with needed correctional treatment pursuant to 18 U.S.C. 3553(a)(2).

**18 U.S.C. 3553(a)(1)**

18 U.S.C. 3553(a)(1) directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

The **nature and circumstances of the offense** is that this is a drug-related offense the seriousness of which the defendant has openly acknowledged by entry of his guilty plea. Furthermore, he has accepted responsibility and offers no excuse but merely the motivation behind his conduct. Said motivation was a drug addiction. The Probation Officer, in preparing the PSR, concluded that there was no information that the defendant impeded or obstructed justice. The officer also found that Mr. Ousley timely entered a plea in the case, which permitted the government to avoid trial preparation and allowed the Court to allocate its resources efficiently which warranted a three (3) point adjustment for acceptance of responsibility.

Furthermore, the vast majority of Mr. Ousley's drug quantity is based on his own statement he made to law enforcement following his arrest, thereby making his guidelines significantly higher. His statement about his trips to Atlanta attributed 24 kilograms in drug quantity, while the amount actually seized from the search warrant was around 318 grams. With that amount, Ousley would have been looking at a Level 26 instead of a Level 36, so his statement basically gave him a ten level bump in his guidelines and nearly an additional ten years. To give Mr. Ousley a significantly higher sentence for coming clean to law

enforcement would create an incentive for defendants to not be forthcoming and would serve to chill their speech. This chilling would lead to a federal system where defendants would rarely tell law enforcement about their criminal activity, which would only further hinder law enforcement investigations. These investigations often rely on defendants coming clean, and to severely punish Mr. Ousley for doing the right legal and moral thing would lead to defendants never saying a word, and be a far greater than necessary sentence for Mr. Ousley.

As to the **history and characteristics of the defendant,** David was born on June 16, 1981. He was raised by both parents. His mother is now deceased, but he has close familial contact with his father, brother, fiancée and her children. He has never married, but been in a steady relationship for more than eight years and is now engaged. He has no biological children, but has been involved with his fiancee's children. He remembers being exposed to alcohol and drugs at an early age (approximately 16 years old). This early drug use has unfortunately led to a lifetime of substance abuse of various different drugs. Nevertheless, he has family support, as his fiancée, father, and fiancee's son have all been present in court, showing that Ousley is a loving family member.

The defendant graduated high school and has a prior work history from 2003 – 2015, working at an auto dealership, at a mechanic shop, and at a surface mine. For a period of years up until 2020, he moved in

with and provided around the clock care for his grandmother until her death, again showing Mr. Ousley has a devotion to his family.

**18 U.S.C. 3553(a)(2)(A)**

18 U.S.C. 3553(a)(2)(A) directs the Court to consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; and to provide just punishment for the offense.

A sentence of 120 months is a lot of time to be incarcerated, especially for a first time felon, and would promote respect for the law.

**18 U.S.C. 3553(a)(2)(C)**

18 U.S.C. 3553(a)(2)(C) directs the Court to consider the need for the sentence imposed to protect the public from further crimes of the defendant.

The time spent incarcerated should be enough time for the defendant to undergo any necessary rehabilitation treatment and correctional programs that are deemed necessary. He desires future drug rehabilitation and has expressed a desire to participate in the RDAP program and any other such program which he may be eligible.

**18 U.S.C. 3553(a)(2)(D)**

18 U.S.C. 3553(a)(2)(D) directs the Court to consider the need for the sentence imposed to provide the defendant with needed medical care or other correctional treatment in the most effective manner.

As to needed medical care, it should be noted that the defendant is 45 years old and is mostly healthy. It is noted that the defendant is currently prescribed ibuprofen for herniated discs (neck) and degenerative disc disease. He is also currently being treated for depression and PTSD and is prescribed unspecified medications by detention center medical staff.

## CONCLUSION

Mr. Ousley has accepted responsibility and he offers no excuses for his conduct. He is truly remorseful and has never denied his wrongdoing. In fact, he took total responsibility at the scene of his arrest. The defendant is hopeful that the court will structure a reasonable sentence of 120 months, which will serve the ends of justice in the foregoing case with the appropriate tools to help him emerge from this situation as a productive and law-abiding member of society. Mr. Ousley respectfully requests to be incarcerated to as close as home as possible to allow his family to visit.

Therefore, the defendant respectfully submits this Sentencing Memorandum and requests that the Court takes these facts into consideration and that a sentence be imposed which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553.

Respectfully submitted

/s/ Thomas P. Miceli
THOMAS P. MICELI
MILLWARD & CASTLE
P.O. Drawer 100
Barbourville, Kentucky 40906
(606) 546-5114
ATTORNEY FOR DEFENDANT,
DAVID LEE OUSLEY

CERTIFICATE

I hereby certify that the foregoing document has been electronically served this 4th day of November, 2026 with the clerk of the court using the CM/ECF system and electronically upon all parties of record.

/s/ Thomas P. Miceli
THOMAS P. MICELI
MILLWARD & CASTLE
P.O. Drawer 100
Barbourville, Kentucky 40906
(606) 546-5114
ATTORNEY FOR DEFENDANT,
DAVID LEE OUSLEY